## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- X
RAYMOND TYLER, on Behalf of Himself and          :
All Others Similarly Situated,                                        :
                                                                                    :
                           Plaintiff,          :       05 CV 10167 (NMG)
                                                                                    :
        vs.                                                              :
                                                                                    :
ASTRAZENECA, PLC, PERCY BARNEVIK,      :
TOM MCKILLOP, JONATHAN SYMONDS,         :
and, HAKEN MOGREN                                            :
                                                                                    :
                           Defendants.     :
                                                                                    :
---------------------------------------------------------------- X

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF
THE FOSTER GROUP FOR APPOINTMENT AS LEAD PLAINTIFF
PURSUANT TO §21D OF THE EXCHANGE ACT, AND
APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL**

**INTRODUCTION**

This action is a securities fraud class action brought against AstraZeneca, PLC ("AstraZeneca"), and Tom McKillop, Jonathan Symonds, Haken Mogren, and Percy Barnevik (collectively referred to as the "Defendants") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, on behalf of all persons who purchased AstraZeneca American Depositary Receipts ("ADRs") at artificially inflated prices during the proposed Class Period (collectively, the "Class").

Movants Robert W. Foster, Roy E. Humphrey, Bruce Elliott, Roberta R. Wiktorin, Robert Glen Reinhart, Ray Washam Jr., and Danny Richards (the "Foster Group" or "Movants") purchased 1,500 AstraZeneca ADRs between April 2, 2003 and October 8, 2004 (the "Class Period"), and suffered estimated losses[1] of $9,862.75 as a result of Defendants' misconduct. Movants seek appointment as Lead Plaintiff and approval of their selection of Lead Counsel for plaintiffs and the Class as set forth herein. Movants hereby respectfully submit this memorandum of law in support of their motion for: (i) appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and (ii) approval of Movants' selection of Lead Counsel.[2]

---

[1] The estimated losses suffered by Movants are determined based on the certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's ADRs. See Declaration of Aaron L. Brody, March 22, 2005, Ex. C. ("Brody Decl.").

[2] In the event the Court is inclined to appoint any individual investors as co-lead plaintiff, each of the Movants affirm that they are willing to serve as co-lead plaintiff individually, or as a group.

**PROCEDURAL BACKGROUND**

On or about January 27, 2005, the plaintiff in the Tyler action[3] filed a complaint on behalf of a class consisting of all persons and entities who purchased AstraZeneca ADRs at artificially inflated prices during the proposed Class Period. On January 27, 2005, notice was published over Business Wire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff within the requisite period from the date of publication of the notice. See Brody Decl., Ex. A. Movants timely filed a motion seeking appointment as lead plaintiff on March 28, 2005.

**ARGUMENT**

**A.     The Foster Group Should Be Appointed Co-Lead Plaintiff**

The members of the Foster Group are the only individuals moving for appointment as lead plaintiff. The great majority of Class members will be individuals, and Movants believe that approving their motion to be appointed co-lead plaintiffs and approving their selection of co-lead counsel would best represent the interests of the Class.

Many courts have recognized that the combination of individuals and institutional investors can more adequately represent the broad interests of the class than institutional investors alone. See e.g. Yousefi v. Lockeed Martin Corp., 70 F. Supp.2d 1061, 1071 (C.D. Cal. 1999); In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 48 (S.D.N.Y. 1998). In Yousefi, the Court recognized the benefits of addressing the broader class interests and held that "with the appointment of one lead plaintiff who is an individual investor and one lead plaintiff

---

[3] Tyler v. AstraZeneca PLC, 05 CV 10167 (NMG) (D. Mass. Jan. 27, 2005). Claims against AstraZeneca are pending in three jurisdictions. The Tyler case was filed in Massachusetts. Jaroslawicz v. AstraZeneca, 05 CV 2688 (S.D.N.Y. March 8, 2005) and Elliot v. AstraZeneca, 05 CV 2969 (S.D.N.Y. March 18, 2005) were filed in the Southern District of New York. Marcus v. AstraZeneca, 05 CV 81 (D. Del. Feb. 14, 2005) was filed in Delaware.

that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institution alone." 70 F. Supp. 2d at 1071.  Similarly, the Court in Oxford recognized that by appointing both individual and institutional investors, all class members are assured the best possible representation:

> Allowing for diverse representation, including in this case . . . significant individual investors and a large institutional investor, ensures that the interests of all the class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated parties.

Oxford, 182 F.R.D. at 49.  See also Laborers Local 1298 Pension Fund v. Campbell Soup Co., 2000 U.S. Dist. LEXIS 5481, at *11 (D. N.J. Apr. 24, 2000) ("The Court also considers it desirable to have both an institutional investor, like Connecticut, and individual investors, like DeValle and Green, included as lead plaintiffs since each may bring a unique perspective to the litigation."); In re Party City Sec. Litig., 189 F.R.D. 91, 114 (D.N.J. 1999) (appointing institutional investor and individual investor as lead plaintiffs); Zaltzman v. Manugistics, Group, Inc., 1998 U.S. Dist. LEXIS 22867, at *18-19 (D. Md. Oct. 8, 1998) (appointing Maliko Investments and a single individual investor as lead plaintiff).

Accordingly, Movants, either as a group or individually, should be appointed co-lead plaintiff precisely because they are individual investors.

## **CONCLUSION**

For all the foregoing reasons, Movants respectfully request that the Court: (i) appoint Movants as Co-Lead Plaintiff in the Actions and (ii) approve Movants' selection of Co-Lead Counsel as set forth herein.

Dated: April 11, 2005

    Respectfully submitted,

    **GILMAN AND PASTOR, LLP**

By: /s/ Douglas Brooks
    Douglas Brooks (BBO# 058850)
    David Pastor (BBO# 391000)
    Stonehill Corporate Center
    999 Broadway
    Suite 500
    Saugus, MA 01906
    (781) 231-7850

    **Proposed Liaison Counsel**
    **For Plaintiffs and the Class**

    **STULL, STULL & BRODY**
    Jules Brody
    Aaron Brody
    6 East 45th Street
    New York, New York 10017
    (212) 687-7230

    **Proposed Lead Counsel For**
    **Plaintiffs and The Class**

4