UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND TYLER, On Behalf of Himself and All Others Similarly Situated, </br></br>      Plaintiff, </br></br>vs. </br></br>ASTRAZENECA PLC, et al., </br></br>      Defendants. | No. 05-CV-10167-NMG </br></br><u>CLASS ACTION</u> </br></br>THE STATE UNIVERSITIES RETIREMENT SYSTEM OF ILLINOIS' CONSOLIDATED OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF |

**I.    INTRODUCTION AND OVERVIEW**

Pending before the Court are three motions for appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for this securities class action against Astrazeneca PLC ("Astrazeneca"). In addition to the motion filed by the State Universities Retirement System of Illinois ("Illinois SURS"), competing motions were filed by: (1) the Foster Group; and (2) the Lang Group.[1]

The PSLRA instructs courts to appoint as lead plaintiff the investor with the "largest financial interest" in the relief sought by the class and that otherwise satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23"). *See In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The Third Circuit has reasoned that, in most cases, "this determination will be relatively easy." *Cendant*, 264 F.3d at 262. And so it is here.

Illinois SURS should be appointed Lead Plaintiff because, with a loss of over *$1.2 million*, it has the largest financial stake in this litigation and, as the sole institutional investor before the Court, also satisfies the requirements of Rule 23. *Id*. at 268 (reasoning that institutional investors will "more often than not" satisfy the requirements of Rule 23). By contrast, neither the *seven-member* Foster Group (with a loss of $9,800) nor the Lang Group (with a loss of $11,400) should be appointed lead plaintiff because the size of their respective losses – under any calculation – are far less than Illinois SURS'. *See Cavanaugh*, 306 F.3d at 732 ("[t]he court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical").

---

[1]    Illinois SURS has also filed lead plaintiff motions in the United States District Courts for the District of Delaware (Civil Action No. 05-81-GMS), and the Southern District of New York (Civil Action No. 05-CV-2688). At present, counsel for Illinois SURS is informally attempting to resolve these venue related matters with counsel for defendants.

Finally, Illinois SURS' selection of lead counsel should be approved because Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") is one of the foremost securities class action firms in the United States and, accordingly, it will fairly and adequately represent the interests of the class. *See In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002) (appointing Williams S. Lerach as sole lead counsel and finding that the submissions of Lerach Coughlin's lawyers "stand out in the breadth and depth of its research and insight").

## II.  ARGUMENT

### A.  The PSLRA's Lead Plaintiff Procedure

The PSLRA provides that in securities class actions, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining who is the most adequate plaintiff, the PSLRA provides that: "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title [15 U.S.C. §§78a, *et seq*.] is the person or group of persons that . . . in the determination of the court, has the *largest financial interest* in the relief sought by the class; and otherwise *satisfies the requirements of Rule 23* of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The PSLRA's rebuttable presumption may be rebutted only by *proof* that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### B.   Illinois SURS Is the "Most Adequate Plaintiff"

#### 1.   Illinois SURS Has the Largest Financial Interest in the Relief Sought in this Case

The papers filed with this Court reveal that Illinois SURS has by far the largest financial interest in the outcome of this litigation:

| PROPOSED LEAD PLAINTIFF | APPROXIMATE LOSS |
|---|---|
| **(1) Illinois SURS** | **$1.2 million** |
| (2) Lang Group | $11,000 |
| (3) Foster Group | $9,000 |

Once a court determines which movant has the largest financial interest in the litigation – as is the case with the Illinois SURS here – the court must appoint that plaintiff as lead plaintiff unless it finds that the movant is otherwise inadequate or subject to unique defenses. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (Sweet, J.) (citing *Cavanaugh*, 306 F.3d at 726); *Cendant*, 264 F.3d at 268-69. Indeed, in *Cavanaugh*, the Ninth Circuit reasoned that:

> [A] straightforward application of the statutory scheme, as outlined above, provides ***no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case***. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732.

#### 2.   Illinois SURS Satisfies Rule 23

As indicated by its pleadings and certification, Illinois SURS also satisfies Rule 23's typicality and adequacy requirements. *See* Memorandum of Law in Support of the State Universities Retirement System of Illinois' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel at 5-6. For purposes of being appointed lead plaintiff, a presumptive lead plaintiff need only make a *prima facie* showing that it can satisfy the ***typicality*** and ***adequacy*** requirements of Rule 23. *See Cendant*, 264 F.3d at 264 ("the court's initial

inquiry should be confined to determining whether such movants have stated a *prima facie* case of typicality and adequacy"). Here, Illinois SURS' claims are typical of the class because it can and will allege that defendants violated the Securities and Exchange Act of 1934 by publicly disseminating false and misleading statements. *Id*. ("institutional investors . . . with large losses will, more often than not, satisfy the typicality and adequacy requirements [of Rule 23]").

Illinois SURS is also adequate because it and its chosen counsel are qualified and competent, and its interests are not antagonistic to those of the class. Lerach Coughlin is a 140-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Lerach Coughlin includes numerous trial attorneys, including many former federal and state prosecutors, and utilizes an extensive group of in-house financial and accounting experts to aid in the prosecution of complex securities cases such as the one now pending against Astrazeneca.

### 3. The Foster Group Is Not the Most Adequate Plaintiff[2]

With an *aggregated* loss of $9,800, the Foster Group is clearly not the most adequate plaintiff to lead this litigation. Indeed, under *Cendant*, the Foster Group's (*seven* member) composition *alone* precludes it from being appointed in this case. *See Cendant*, 264 F.3d at 267 ("We do, however, agree with the Securities and Exchange Commission that courts should generally presume that ***groups with more than five members are too large to work effectively***."). Possibly realizing their clients' *statutory* inability to be appointed lead plaintiff, the Foster Group's *lawyers* may nevertheless attempt to advance self-interested arguments seeking to be appointed *co*-lead *counsel*.[3]

---

[2]   The Lang Group's counsel has informed counsel for Illinois SURS that it does not intend to oppose Illinois SURS' lead plaintiff motion.

[3]   In doing so, the Foster Group's lawyers will rely on a handful of cases where courts, *sua sponte*, have appointed individuals as co-lead plaintiffs to remedy certain issues with the presumptive lead plaintiff or its counsel. *See*, *e.g.*, *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d

This Court should reject any such effort to do so.  *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998) ("[t]he potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel").

### III. CONCLUSION

For all the reasons stated herein, Illinois SURS' motion for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel should be granted and all other motions should be denied.

DATED:  April 13, 2005                    Respectfully submitted,

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (BBO #454680)
THEODORE M. HESS-MAHAN (BBO #557109)


      /s/Theodore M. Hess-Mahan      
THEODORE M. HESS-MAHAN

53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)

[Proposed] Liaison Counsel

---

1061, 1071 (C.D. Cal. 1999) (neither the individual plaintiff nor the institutional investor "possess[ed] enough of a financial stake to ensure careful and prolonged monitoring" of the suit); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 45, 49 (S.D.N.Y. 1998) (the plaintiff with the largest financial loss suffered from a potential conflict when reasonable prospects for recovery would not exceed the costs); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, Case No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481, at *11 (D.N.J. Apr. 24, 2000) (counsel representing the plaintiff with the largest financial stake was not "large enough to handle [the] litigation solely with their own personnel").  Here, then the Foster Group's ***lawyers'*** request for a co-lead structure is entirely unnecessary because Illinois SURS has suffered a significant loss in this case, suffers from no conflicts of interest and its chosen counsel is unparalleled in the filed of securities fraud litigation.

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
LAURA M. ANDRACCHIO
UDOKA NWANNA
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Astrazeneca\BRF00020119-MA.doc